IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LON L. STONE and DARIUS HUNT, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| INNOVATIVE PRODUCT ACHIEVEMENTS, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

## **COMPLAINT**

COME NOW the Plaintiffs Lon L. Stone ("Stone") and Darius Hunt ("Hunt") (collectively "Plaintiffs"), by and through undersigned counsel, and file this Complaint as follows:

1.

Plaintiffs bring this lawsuit on their own behalf, and on behalf of all those similarly situated, against Defendant Innovative Product Achievements, LLC, d/b/a ScrubEx, d/b/a ThinkIPA, and/or d/b/a (IPA)™ ("IPA" or "Defendant") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.   Plaintiffs hereby file with the Court their "Opt-in Consent" forms to join this collective action under 29 U.S.C. § 216(b) by attaching them hereto as Appendix A.

**Parties**

2.

Plaintiff Stone resides within this judicial district and worked for IPA within this judicial district as a customer support engineer ("CSE") in Defendant's Customer Support Group from approximately 1998 through approximately May 7, 2012.

3.

Plaintiff Hunt resides within this judicial district and worked for IPA within this judicial district as a CSE in Defendant's Customer Support Group from approximately March 5, 2007 through approximately October 24, 2011.

4.

Plaintiffs bring this action both individually, and as a collective action under 29 U.S.C. § 216(b) on behalf of Defendant's current and former employees who work or worked over forty hours in one or more work weeks as a customer service or customer support engineer for Defendant at any time within the period

beginning three years prior to the filing date of this Complaint and continuing through the date of judgment in this lawsuit (the "relevant period") (collectively, the "Similarly Situated Employees").

5.

Defendant IPA is a Georgia corporation and may be served with process through its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

## Jurisdiction and Venue

6.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint arising under the FLSA.

7.

Defendant employed Plaintiffs and employed/employs others in this judicial district, has its principal office address in this judicial district, and is registered with the Georgia Secretary of State's Corporations Division as a limited liability corporation authorized to transact business in the State of Georgia.

8.

Defendant is, and has been at all times during the relevant period, an "enterprise" having two or more employees directly engaged in commerce, and/or engaged in the production of goods for commerce, and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce (including but not limited to the handling goods and materials that are produced in and delivered from other states or foreign countries), as those terms are defined under the FLSA, with annual gross revenues in excess of $500,000.00, and is also an "employer" as that term is defined under Section 203 of the FLSA.

9.

Defendant is subject to the jurisdiction of this court.

10.

Venue is proper in this court under 28 U.S.C. § 1391, because Plaintiffs worked for and were paid by Defendant in this judicial district, Defendant's principal office address and registered agent are located within this judicial district, and a substantial portion of the events giving rise to this lawsuit occurred in this judicial district.

## Facts Related To All Counts

11.

Plaintiffs and the Similarly Situated Employees are "employees" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a).

12.

Defendant's website advertises its business as providing, and Defendant did in fact provide during the relevant period, medical scrubs automation and servicing using its "scrubEx" equipment, and hospital linens automation and servicing using its "alEx" equipment.

13.

Plaintiffs and the Similarly Situated Employees provided customer support services that included handling client support calls and traveling to various client sites and facilities throughout the country.

14.

Plaintiffs and the Similarly Situated Employees performed similar job duties, were compensated pursuant to centralized pay policies, and were subjected to similar pay practices while employed as CSEs.

15.

Defendant pays all CSEs under the same centralized and uniformly applied compensation structure.

16.

Defendant uniformly treated all of its CSEs by job title as exempt from the overtime requirements of the FLSA at all times during the relevant period.

17.

Defendant misclassified its CSEs as exempt under the FLSA at all times during the relevant period.

18.

Defendant suffered or permitted Plaintiffs and the Similarly Situated Employees to work more than forty hours in a work week on more than one occasion during the relevant period and obtained the benefit of their services in such work weeks.

19.

Defendant knew or should have known that Plaintiffs and the Similarly Situated Employees were working more than forty hours in a work week on one or more occasions during the relevant period.

20.

Plaintiff Hunt complained to Defendant's Vice President of Human Resources during the relevant period that CSEs were entitled to overtime compensation by law.

21.

Defendant responded to complaints regarding entitlement to overtime by stating that they were not required to pay CSEs overtime compensation.

22.

According to Defendant's travel policy communicated to its CSEs during the relevant period, (i) if a CSE used his or her own personal travel points to purchase tickets for IPA-required business travel, IPA would only reimburse the Employee one half (1/2) of the cost of the ticket expense;  (ii) travel between the office and the airport is considered Work Time, (iii) initial travel via airplane and/or car to the destination city and final travel via airplane and/or car from the destination city is considered Work Time, (iv) when traveling and the average work day is more than 8 hours or when traveling on weekends, the employee will be awarded Compensation Time as follows: .5 hours per hour over 8 hour (sic) for weekday

work and .5 hours per hour for weekend work; (v) Compensation Time will not be allowed to accumulate over 80 hours.

23.

Defendant deducted from Plaintiffs' "Compensatory Time" for workdays in which the office was closed due to inclement weather.

24.

Plaintiffs and the Similarly Situated Employees were not paid on a salary basis by Defendant during the relevant period.

25.

Defendant also promised to pay bonuses to Plaintiffs and the Similarly Situated Employees in advance of the work to be performed in earning the bonus.

26.

Defendant, in fact, paid bonuses to Plaintiffs and the Similarly Situated Employees during the relevant period.

27.

The bonuses paid by Defendant to Plaintiffs and the Similarly Situated Employees were non-discretionary bonuses under the FLSA, and must therefore be

included in the calculation of the regular rate for overtime purposes for the work weeks covered by the bonus.

28.

The CSEs did not receive a fixed weekly amount ("fixed salary") for all hours worked whether few or many in a work week, and instead received weekly pay in varying amounts due to variations including but not limited to the additional payment of a non-discretionary bonus (received in one week but attributable to all hours worked during the bonus period) that varied in amount.

## COUNT ONE – FLSA VIOLATIONS

29.

Plaintiffs reassert and incorporate herein the allegations contained in the preceding paragraphs.

30.

On numerous occasions during the relevant period, Defendant suffered or permitted Plaintiffs and the Similarly Situated Employees to work more than 40 hours in a work week without receiving overtime compensation at time-and-a-half their properly calculated regular rate for hours worked over 40 under the FLSA --

9

i.e., their regular rate inclusive of their base rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

31.

Defendant is a private, non-governmental employer, and therefore Defendant's policy of providing "Compensatory Time" in lieu of overtime pay for overtime hours worked violated the FLSA.

32.

Despite being aware that the FLSA applied to its employees, and despite having received complaints within the relevant period regarding failure to pay the required overtime compensation under the FLSA, Defendant violated and continues to violate the FLSA by not paying Plaintiffs or the Similarly Situated Employees overtime compensation at the required rate, in addition to liquidated damages and interest for overtime not promptly paid in each paycheck for the applicable pay period.

33.

Defendant knew or acted with reckless disregard that its compensation practices alleged above violated the FLSA.

34.

Defendant's failure to pay the overtime compensation required by the FLSA to Plaintiffs and the Similarly Situated Employees was willful.

35.

Plaintiffs and the Similarly Situated Employees are entitled to recover their back overtime pay at the rate of one and a half times their applicable regular rate, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorney's fees, and costs pursuant to 28 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1.      Award Plaintiffs and the Similarly Situated Employees their back overtime pay at one and a half times their properly calculated regular rate, an equivalent amount as liquidated damages, and prejudgment interest, for all hours worked over 40 in a work week during the relevant period;

2.      Award Plaintiffs and the Similarly Situated Employees their costs and attorney's fees; and

3.    Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFFS DEMAND A TRIAL BY JURY.

Respectfully submitted this 9th day of May, 2012.

<div style="margin-left:40%">

*s/ C. Andrew Head*

Georgia Bar No. 341472
Attorneys for Plaintiffs
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
(404) 995-8899(facsimile)
Email: ahead@friedbonder.com

</div>