IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHERYL STONE, as personal representative of the Estate of Lon L. Stone, DARIUS HUNT, and ALEXANDER S. PAON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INNOVATIVE PRODUCT ACHIEVEMENTS, LLC, <br><br> Defendant. | Civil Action No. 1:12-cv-01640-MHS |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into by and between the following parties: (1) Cheryl Stone,[1] Darius Hunt, and Alexander Paon, and their heirs, executors, administrators, successors, and assigns (collectively referred to as "Plaintiffs"), individually and on behalf of Opt In Plaintiffs Stephen Camp, John Fitzpatrick, Evan Sinkfield, Steven Williams, Kevin Case, and Chad DeBusk, and their heirs, executors, administrators, successors, and assigns (collectively referred to as "Opt In Plaintiffs"); and (2) Innovative Product Achievements, LLC ("IPA"). The parties hereto agree to the following:

    1.    **Consideration.** In consideration for signing this Settlement Agreement and Release, and complying with its terms:

    a.    IPA agrees to pay to Plaintiffs, Opt In Plaintiffs, and their counsel a total of one hundred fifty nine thousand five hundred fifty dollars and zero cents ($159,550.00). This payment shall be apportioned as follows:

    (1) IPA will collectively pay Plaintiffs and Opt In Plaintiffs a total sum of $104,111.00. Half of the foregoing amount will represent back wages and half will represent liquidated damages, penalties, and other consideration. Required federal and state income and employment

---

[1] On May 9, 2013, the United States District Court for the Northern District of Georgia substituted Cheryl Stone for Lon Stone as a Named Plaintiff in this case. Cheryl Stone has been appointed as the personal representative of the Estate of Lon Stone by the probate court of the county in which Mr. Stone died.

taxes shall be withheld from the wages portions of the payments, but no deductions will be made from the non-wages portions of the payments. IPA will issue to Plaintiffs and Opt In Plaintiffs Form W-2s for the back wages portions of the payments and Form 1099s (box #3) for the non-wages portions of the payments. IPA shall pay the employer's share of all required payroll taxes on the foregoing payments. This payment will be allocated among and distributed to Plaintiffs and Opt In Plaintiffs as follows:

    a. Cheryl Stone: $44,441.46

    b. Darius Hunt: $15,746.13

    c. Alexander Paon: $8,355.97

    d. Evan Sinkfield: $5,079.48

    e. Steven Williams: $3,764.32

    f. Stephen Camp: $20,266.85

    g. John Fitzpatrick: $500.00

    h. Kevin Case: $500.00

    i. Chad DeBusk: $5,456.79

(2) IPA will pay Plaintiff's counsel, Fried & Bonder, LLC, $55,000.00 in attorney's fees and $439.00 costs, for a total of $55,439.00 for fees and costs. IPA will issue to Fried & Bonder, LLC a Form 1099 (box #14) for this payment.

(3) IPA will issue the foregoing payments within fourteen (14) calendar days after the United States District Court for the Northern District of Georgia approves the terms of this settlement.

    b.    Plaintiffs agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Northern District of Georgia in conjunction with the case captioned <u>Stone, et al. v. Innovative Product Achievements, LLC</u>, Case No. 1:12-cv-01640-MHS (N.D. Ga.) (the "Litigation"). Upon approval of this settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Litigation dismissed with prejudice, subject to the terms of paragraph "3" below.

    2.    **<u>No Consideration Absent Execution of this Agreement</u>.** Plaintiffs and Opt In Plaintiffs understand and agree that they would not receive the monies and/or benefits

specified in paragraph "1" above, except for the execution of this Settlement Agreement and Release and the fulfillment of the promises contained herein.

3. **Release of Claims**.

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff and Opt In Plaintiff releases and forever discharges (i) IPA; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of IPA; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "IPA Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation based on the factual allegations in the original and amended complaints, whether known or unknown, through the date of this Settlement Agreement and Release, limited to wage and hour claims under federal, state, or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked. The parties agree that the dismissal with prejudice to be filed in the Litigation shall have no *res judicata* effect on any other claims not released by this Agreement.

IPA also agrees to release Plaintiffs and Opt In Plaintiffs, and their heirs, executors, administrators, successors, and assigns, from all claims IPA has or may have against Plaintiffs or Opt in Plaintiffs through the date of this Settlement Agreement and Release related to IPA's payment of wages, compensation, or other employment benefits to Plaintiffs and Opt In Plaintiffs.

4. **Acknowledgments and Affirmations.**

Plaintiffs and Opt In Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against IPA, except those in the Litigation currently pending in the United States District Court for the Northern District of Georgia.

5. **Governing Law and Interpretation.** This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach. This agreement is not severable.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the IPA Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment**. This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement and Release.

8. **Entire Agreement.** This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs and Opt In Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

9. **Counterparts.** This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

10. **Invalid Without Court Approval.** This Settlement Agreement and Release is subject to approval by the United States District Court for the Northern District of Georgia in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release, but the Parties shall be required to request immediate referral to U.S. Magistrate Judge Alan Baverman for a second mediation, to address any issues precluding enforcement by the Court.

11. **No Signature Required By Opt In Plaintiffs**. Because the Opt In Plaintiffs are so numerous, and because this Settlement Agreement and Release must be approved by the Court, it is impossible or impractical to have each Opt In Plaintiff execute this Agreement. By their signatures below, Plaintiffs represent and affirm that they have been given authority to sign this Agreement on behalf of the Opt In Plaintiffs by the Consent to Join forms filed with the Court in the Litigation. To further confirm their agreement to the terms of this Settlement Agreement and Release, the following language shall be included on each settlement check sent to the Opt In Plaintiffs: "My signature on, deposit, or cashing of this check confirms my release of Innovative Product Achievements, LLC and all Released Parties as provided in the Settlement Agreement and Release approved by the Court in <u>Stone, et al. v. Innovative Product Achievements, LLC</u>, Case No. 1:12-cv-01640-MHS (N.D. Ga.)."

12. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in

connection therewith.

   PLAINTIFFS AND OPT IN PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFFS AND OPT IN PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.

   The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**INNOVATIVE PRODUCT ACHIEVEMENTS, LLC:**

By: _[signature]_   Date: 5/30/13

**CHERYL STONE (on behalf of the estate of Lon Stone, and the Opt In Plaintiffs):**

By: _____   Date: _____

**DARIUS HUNT (on behalf of himself and the Opt In Plaintiffs):**

By: _[signature]_   Date: 5/27/13

**ALEXANDER PAON (on behalf of himself and the Opt In Plaintiffs):**

By: _____   Date: _____

connection therewith.

PLAINTIFFS AND OPT IN PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFFS AND OPT IN PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

INNOVATIVE PRODUCT ACHIEVEMENTS, LLC:

By: _____   Date: 5/30/13

CHERYL STONE (on behalf of the estate of Lon Stone, and the Opt In Plaintiffs):

By: _____   Date: 5-28-13

DARIUS HUNT (on behalf of himself and the Opt In Plaintiffs):

By: _____   Date: _____

ALEXANDER PAON (on behalf of himself and the Opt In Plaintiffs):

By: _____   Date: _____

connection therewith.

**PLAINTIFFS AND OPT IN PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFFS AND OPT IN PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**INNOVATIVE PRODUCT ACHIEVEMENTS, LLC:**

By: [signature]   Date: 5/30/13

**CHERYL STONE (on behalf of the estate of Lon Stone, and the Opt In Plaintiffs):**

By: _____   Date: _____

**DARIUS HUNT (on behalf of himself and the Opt In Plaintiffs):**

By: _____   Date: _____

**ALEXANDER PAON (on behalf of himself and the Opt In Plaintiffs):**

By: [signature]   Date: 5/24/13